UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Edward-Lewis: Brown and
Elaine-Alice: Brown,

    v.

Thomas P. Colantuono,
William E. Morse, James P. John,
and John J. Hickey,

Civil No. 05-cv-125-SM
Opinion No. 2005 DNH 093

**O R D E R**

Plaintiffs, Edward-Lewis: Brown and Elaine-Alice: Brown, bring this action against four employees of the federal government. The Browns seek damages for alleged state common law torts they say were committed during the course of a search of their property. The Browns originally filed their complaint in the Grafton County (New Hampshire) Superior Court, but defendants removed the action to this court. Defendants now move the court to substitute the United States as the defendant to all claims advanced in the Browns' complaint. And, say defendants, once the United States is substituted as the proper party to this action, the court should dismiss all of the Browns' claims for lack of subject matter jurisdiction. The Browns have not objected.

## Background

The Browns are apparently the subject of an ongoing grand jury investigation. As part of that investigation, federal agents, including Special Agent James John of the Internal Revenue Service and Postal Inspector John Hickey, executed a search warrant (issued by a United States magistrate judge) at Half Hollow Dental Center, a business owned and/or operated by the Browns. But, because the Browns do not recognize the validity or the authority of the federal government, they seem to suggest that the search was conducted without a warrant and claim the agents who conducted the search were acting "without jurisdiction." Complaint at paras. 11 and 15.[1]

Accordingly, say the Browns, the agents who executed the search warrant (as well as those who sought and/or obtained the

---

[1] In their complaint, the Browns point out that they are "natural-born living souls, living in a state of nature, and in a quasi-state of society, under contract, State citizens, of these united [sic] States of America, not UNITED STATES citizens, domiciled in the state of New Hampshire." Complaint at para. 2. They also assert that there "is no federal jurisdiction (in any of the fifty union states of these united [sic] States of America, a guaranteed republic), by these de facto UNITED STATES agents [i.e., the individually named defendants]." Id. at para. 4.

warrant) committed numerous state common law torts, including trespass, reckless endangerment, and false imprisonment.  Their complaint does not advance any federal causes of action and, in a pleading filed with the state superior court, the Browns made clear that "[a]ll charges listed are civil tort charges, under the jurisdiction of the state.  There are no federal decisions to be made in this case."  Attachment 1 to Declaration of Judith Northrup Prindville (document no. 3), Motion to Remain Civil Action in State Court, at paras. 1-2.

## Discussion

I.  <u>The Federal Tort Claims Act</u>.

The Court of Appeals for the First Circuit has provided the following brief overview of the Federal Tort Claims Act ("FTCA"):

> The FTCA waives the sovereign immunity of the United States with respect to tort claims, <u>see</u> 28 U.S.C. § 2674, and provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment. <u>See</u> 28 U.S.C. § 2679. In order to bring a tort claim against the United States under the FTCA, <u>a claimant must first file an Administrative Claim with the appropriate federal agency</u> within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency. <u>See</u> 28 U.S.C. §§ 2401(b), 2675.  In addition, the FTCA requires that

3

<u>the named defendant in an FTCA action be the United States and only the United States</u>.  28 U.S.C. §§ 1346(b), 2674, 2679(a).

Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000)(emphasis supplied).  See also Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 39 (1st Cir. 2000).

II.  <u>The United States is the Proper Defendant</u>.

The Browns' complaint names as defendants Thomas P. Colantuono and William Morse, employees of the United States Department of Justice, James P. John, an employee of the United States Department of the Treasury, and John J. Hickey, an employee of the United States Postal Service.  All claims in the complaint arise out of the execution of a federal search warrant and the Browns' subsequent (failed) efforts to unseal the affidavit submitted in support of that warrant.  Thus, the Browns seek damages for actions defendants undertook while acting within the scope of their federal employment.  See Exhibit B to Declaration of Judith Northrup Prindville, Certification of Joseph LaPlante, Acting United States Attorney for the District of New Hampshire.

4

Because the Browns seek damages for torts allegedly committed by federal employees while acting within the scope of their employment, the only proper defendant to this action is the United States. See Roman, 224 F.3d at 27. Accordingly, defendants' motion to substitute the United States as defendant is granted and all claims against the individually named defendants are dismissed.

III. The FTCA's Exhaustion Requirement.

As noted above, before a party may file an FTCA claim against the United States, that party must first present his or her claim to the appropriate federal agency. Then, if the claim is denied (or if no action is taken on the claim within 6 months), the party may bring an action against the United States. See 28 U.S.C. § 2675(a). Here, perhaps because they say they do not recognize the legitimacy of the federal government, the Browns have not filed any administrative claims with regard to the conduct underlying their lawsuit. Accordingly, they have failed to exhaust their administrative remedies and this court lacks jurisdiction over their tort claims. See, e.g., Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993) ("Exhaustion of

plaintiffs' administrative remedies is a jurisdictional prerequisite to the prosecution of their FTCA claims.").

IV. <u>Federal Claims</u>.

As noted above, the Browns have expressly denied advancing any federal claims; they have specifically stated (in prior state court filings) that their removed complaint raises exclusively state common law claims. They are obviously aware that they could have attempted to assert federal claims, but they have consciously chosen not to do so. They are certainly at liberty to make that choice, and having made it, further analysis of potential federal claims is unnecessary.

## Conclusion

As defendants correctly point out, the United States is the proper defendant in this action. It has waived sovereign immunity only as set out in the Federal Tort Claims Act, and is not subject to suit in state court. To the extent plaintiffs seek to sue federal agents for acts committed within the scope of their employment, the United States must be substituted as the proper party defendant. Accordingly, the Browns' claims against

the individual defendants are dismissed and the United States shall be substituted as defendant.

With regard to the Browns' claims against the United States, they too must be dismissed. The FTCA is a limited waiver of sovereign immunity. Among other things, it provides that before a party may bring a civil action against the United States, seeking damages for alleged torts committed by a federal employee acting within the scope of his or her federal employment, the claimant must first file an administrative claim with the appropriate federal agency(s). The FTCA's administrative exhaustion requirement is a jurisdictional prerequisite to suit and cannot be waived. Here, because the Browns have failed to exhaust the required administrative remedies, this court lacks jurisdiction over their tort claims.

For the foregoing reasons, as well as those set forth in defendants' memorandum of law, defendants' unopposed motion to substitute the United States as defendant and to dismiss all claims (document no. 3) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

June 15, 2005

cc: ✓Edward-Lewis: Brown
LG  ✓Elaine-Alice: Brown
    ✓Gretchen L. Witt, Esq.